### WALTER BLACKWELL v. STATE OF MISSISSIPPI.

### [48 South. 290.]

CRIMINAL LAW AND PROCEDURE. *Robbery. Indictment.*

> An indictment is fatally defective if it charge only that the defendant represented himself to be an officer and threatened to arrest. and imprison the prosecutor, and did then and there take and carry away the prosecutor's personal property, of designated value, given defendant by prosecutor through fear of injury to his person.

·FROM the circuit court of, first district, Yalobusha county.

HON. SAMUEL C. COOK, Judge.

Blackwell, appellant, was tried and convicted of robbery, was sentenced to the penitentiary for seven years, and appealed to the supreme court.

The indictment against appellant, omitting its introductory formal parts, was as follows: "Walter Blackwell, late of the county and district aforesaid, on the 27th day of January, 1908, in said county and district, did then and there represent to ʹH. B. Dobbins that he was an officer and watchman, and did then and there threaten to arrest the said H. B. Dobbins and put him in jail, and did then and there willfully and feloniously take, steal, and carry away the personal property of the said H. B. Dobbins, consisting of a suit case, the value of $4 and one suit of clothes, value $20, delivered to the said Walter Blackwell by the said H. B. Dobbins, through fear of threatened injury to his person by the said Walter Blackwell, said property being the property of H. B. Dobbins, against the peace and dignity of the state of Mississippi."

*Wm. F. Hamilton* and *W. P. Shinault,* for appellant.

The indictment fails to charge any offense. Merely representing one's self as an officer of the law and threatening to put

another person in jail, and thereby obtaining, by trick or artifice, the property of another, will not support an indictment charging robbery. *Simmons v. State,* 28 South. 881. The indictment fails to charge that the property was taken from the person of Dobbins and in his presence. This omission is fatal. Code 1906, § 1361. The indictment fails to charge that the taking was against the wishes or without the consent of Dobbins.

*George Butler,* assistant attorney-general, for appellee.

The question here presented is whether, under the provisions of Code 1906, § 1361, impersonating a public officer and arresting a person and threatening to put him in jail, and thereby procuring from him possession of his property, constitutes robbery. Frankness compels the statement that we can find no case so holding, See, however, *Simmons v. State,* 28 South. 881; *Bussey v. State,* 71 Ga. 100; *Long v. State,* 12 Ga. 293; *Williams v. Slate,* 12 Tex. App. 240.

MAYES, J., delivered the opinion of the court.

We do not think any offense is charged under the indictment in this case. For this reason the judgment is reversed, indictment quashed, and the prisoner held to await the further action of the grand jury.                                          *Reversed.*